## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DERLYN DWAYNE GROSS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-1915-P** |
| | ) | **ECF** |
| **STATE OF TEXAS, et al.,** | ) | |
| **Defendants.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a pre-trial detainee pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is a resident of Dallas, Texas. At the time of filing this action, he was incarcerated at the Dallas County Jail. Defendants are Dallas County Governmental Entities, the Dallas County District Attorney, the Dallas County Public Defender, the Dallas County District Court Clerk, Dallas County Sheriff, Court Appointed Counsel Julia Daucet, and Court Psychiatrist Dr. Michael Pittman.[1]

---

[1] Plaintiff's original complaint named as the sole Defendant the "State of Texas Dallas County." The amended complaint, filed on October 31, 2005, names six additional Defendants in lieu of the "State of Texas Dallas County." Accordingly, any claims against the "State of Texas Dallas County" are deemed abandoned.

The Court did not issue process pending preliminary screening of the amended complaint.  On December 19, 2005, the Court issued a questionnaire to Plaintiff, who filed his answers on December 22, 2005.  On January 12, 2006, Plaintiff submitted a brief in support of his amended complaint.

Statement of Case:  On June 19, 2005, Plaintiff was indicted in the 195th Judicial District Court of Dallas County, Texas, for assault on a public servant in Cause No. F05-53875. (Answer to Question No. 1of the Magistrate Judge's Questionnaire, and attached copy of indictment).  On August 2, 2005, Plaintiff alleges he was re-indicted in the same cause number with assault on a security officer, a second degree felony.  (Answer to Question 1).  It appears the case was subsequently transferred to the Fourth Criminal District Court, who on October 10, 2005, found Plaintiff incompetent to stand trial and committed him for a period of 120 days to the Maximum Security Unit of North Texas State Hospital in Vernon, under the provisions of Texas Code of Criminal Procedure art. 46B.073, for further examination and treatment toward the specific objective of attaining competency to stand trial.  (See Judgment filed on October 10, 2005, attached to Plaintiff's Brief in Support).

On November 16, 2005, a staff psychologist at Vernon State Hospital recommended that Plaintiff met the criteria to be considered competent to stand trial .  (See Consultant's Findings and Recommendation attached to Plaintiff's Brief in Support filed on Jan. 12, 2006).  Following his return to the Dallas County Jail on November 29, 2005, Plaintiff appeared for a bond reduction hearing on or about December 20, 2005.  (Brief in Support at 9).  He concedes pleading guilty to a reduced charge, a Class A Misdemeanor, and being released from confinement on January 6, 2006.  (See id. at 9-10).

The amended complaint, as supplemented by the answers to the questionnaire and the brief in support, seeks to recover monetary damages for Plaintiff's arrest, indictment, and confinement pending the resolution of Cause No. F05-53875.  Plaintiff alleges (1) that "Dallas County governmental entities, i.e., Dallas Police, Dallas Sheriff, Dallas District Attorney, Dallas Public Defender, Dallas Court Clerk" acted in concert to deprive him of his constitutional rights by illegally arresting him, charging him, and prosecuting him in Cause No. F05-53875; (2) that the Dallas County District Attorney's office improperly elevated his charge from a Class C misdemeanor to a second degree felony without probable cause; (3) that his court appointed counsel repeatedly took no action, resulting in his unlawful confinement and excessive bail; (4) that Dr. Michael Pittman found him incompetent to stand trial without a mental examination; (5) that the Dallas County Sheriff denied him medical treatment; and (6) and that the Dallas County District Court Clerk denied him access to the courts.[2]

Findings and Conclusions:  The court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall

---

[2]      Insofar as Plaintiff requests to be released from confinement (see December 14, 2005 Notice to Remove-Stop Illegal Detention), his claim is now moot.  Plaintiff was released from the Dallas County Jail on January 6, 2006.

Plaintiff's claim challenging his transfer, allegedly in error, to Big Spring State Hospital on October 10, 2005, and his return to the Dallas County Jail on the same day, fares no better. The erroneous transfer to Big Spring State Hospital amounted to negligence at the most.  Relief is unavailable under § 1983 for claims grounded only in negligence.  See Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986); Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995).

identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  See also 28 U.S.C. § 1915(e)(2)(B).

Section 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The main focus of the allegations against "Dallas County Governmental Entities" is that Plaintiff was unlawfully arrested, indicted, and convicted in No. F05-53875-NK.  He alleges that "Dallas Police, Dallas Sheriff, Dallas District Attorney, Dallas Public Defender, [and] Dallas Court Clerk . . . conspired" to violate his constitutional rights by arresting him, illegally charging him and prosecuting him without an examining trial.  (Amended Complaint at 2).  Plaintiff's own allegations confirm that these claims implicate the validity of his guilty plea to a Class C Misdemeanor on January 6, 2006.  (Brief in Support at 9-11).

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court stated:

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

The Heck Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983."  Id. at 487.

In his brief in support filed on January 12, 2006, Plaintiff confirms that he has not

4

satisfied the favorable termination requirement set out in <u>Heck</u>.  He states that he "will appeal in

a discretionary review, in the very near future."  (Brief in Support at 11).  Presently, however, his

Class C misdemeanor conviction remains unchallenged.  As a result, Plaintiff is precluded from

maintaining a claim under § 1983 at the present time.  The District Court should dismiss

Plaintiff's claims against Dallas County Governmental Entities, the Dallas County District

Attorney, and the Dallas County Public Defender as frivolous, but without prejudice to Plaintiff

reasserting them when the <u>Heck</u> conditions are met.  <u>See</u> <u>Clarke v. Stadler</u>, 154 F.3d 186, 189

(5th Cir. 1998) (en banc) (dismissing <u>Heck</u> barred claim without prejudice); <u>Hamilton v. Lyons</u>,

74 F.3d 99, 102 (5th Cir. 1996) (noting that a § 1983 claim which falls under the rule in <u>Heck</u> is

legally frivolous); <u>Williams v. Cleer</u>,123 F. Appx. 591, *593 (5th Cir. 2005) (following <u>Stadler</u>

and dismissing <u>Heck</u> barred claims without prejudice to refiling at such time as the conviction or

imprisonment has been expunged, reversed or otherwise set aside).

Next Plaintiff alleges that the Dallas County District Attorney enhanced the charge in

Cause No. F05-53875-NK from a Class C misdemeanor to a second degree felony.  (Amended

Complaint at 2-3).[3]  This claim lacks an arguable basis in law and should be dismissed with

prejudice as frivolous.  Plaintiff has failed to allege that the District Attorney was personally

involved in any constitutional deprivation other than for being the District Attorney for Dallas

County at the time Plaintiff was indicted and subsequently convicted of aggravated assault.  <u>See</u>

<u>Thompkins v. Belt</u>, 828 F.2d 298, 303-04 (5th Cir. 1987).  "As a prerequisite [to § 1983

liability], a plaintiff 'must identify defendants who were either personally involved in the

---

[3]     The Court has liberally construed the complaint to raise an enhancement claim
against the Dallas County District Attorney separate and apart from the conspiracy claim
previously addressed.

constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005) (quoting Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995)); see also Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983) (same).

Alternatively any claim for monetary damages against the Dallas County District Attorney Hill for allegedly enhancing the charge in Cause No. F05-53875-NK is barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997).

Insofar as Plaintiff seeks to sue Court Appointed Counsel Julia Daucet for ineffective assistance of counsel, separate and apart from the conspiracy claims previously addressed, his claim fares no better. Section 1983 affords redress only for conduct committed by a person acting under color of state law.[4] Neither appointed nor retained counsel acts under color of state law in representing a defendant. See Polk County v. Dodson, 454 U.S. 312, 324, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when

---

[4]    42 U.S.C. § 1983 provides, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

performing a lawyer's traditional functions as counsel to a defendant in a criminal case); <u>Mills v. Criminal Dist. Court No. 3</u>, 837 F.2d 677, 678 (5th Cir. 1988) (court appointed counsel are not official state actors); <u>Russell v. Millsap</u>, 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law).  As such the conduct of Defendant Daucet in representing Plaintiff in Cause No. F05-53875-NK is not cognizable under § 1983, and Plaintiff's claims against this Defendant should be dismissed.

In addition to challenging his criminal indictment and subsequent conviction, Plaintiff seeks to sue Dr. Michael Pittman for the testimony he gave at the October 10, 2005 competency hearing.  (<u>See</u> Amended complaint at 3).  Absolute immunity shields this Defendant from liability for such action.  In <u>Briscoe v. LaHue</u>, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), the Supreme Court held that all witnesses--police officers as well as lay witnesses--are absolutely immune from civil liability under § 1983, including those who give allegedly perjured testimony during adversarial criminal proceedings.  <u>Id.</u> at 334, 103 S.Ct. at 111.  <u>See also</u> <u>Moore v. McDonald</u>, 30 F.3d 616 (5th Cir. 1994) (deputy sheriff's testimony in adversarial pretrial suppression hearing was absolutely immune from arrestee's § 1983 claim).

Plaintiff also seeks to sue the Dallas County Sheriff for denying medical treatment. (Amended Complaint at 4).   Specifically, he alleges that Dr. Catherine Judd refused to diagnose Plaintiff before prescribing medications.  (<u>Id.</u>).  The amended complaint fails to provide any details as to the Sheriff's involvement in this alleged constitutional violation.

To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights.  <u>See</u> <u>Lozano v. Smith</u>, 718 F.2d 756 (5th Cir. 1983).  It is well settled that supervisory officials cannot be held vicariously liable for their

subordinates' actions under § 1983.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 691-95

(1978); Bigford v. Taylor, 834 F.2d 1213, 1220 (5th Cir. 1988); Thibodeaux v. Arceneaux, 768

F.2d  737, 739 (5th Cir.1985) (per curiam).  Supervisory officials may be held liable only if they

(i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement

unconstitutional policies that causally result in plaintiff's injury.  See Thompkins v. Belt, 828

F.2d 298, 303 (5th  Cir. 1987); see also Grandstaff v. City of Borger, 767 F.2d 161, 169-70 (5th

Cir. 1985).

Plaintiff's amended complaint fails to allege facts supporting either of the above

standards.  Therefore, Plaintiff's claim against the Dallas County Sheriff lacks an arguable basis

in law and should be dismissed with prejudice as frivolous.

Lastly, Plaintiff seeks to sue the Dallas County District Clerk for denying his right of

access to the court.  He states that the Clerk purposefully kept him "in the dark of the

proceeding" in Case No. F05-53875-NK and that his request for copies or other information have

not been answered.  (Amended Complaint at 4-5).

In Bounds v. Smith, 430 U.S. 817, 822 (1977), the Supreme Court held that prisoners

have a fundamental constitutional right to "adequate, effective, and meaningful" access to the

courts.  See also Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997).  Before an inmate

may prevail on a claim that his constitutional right of access to the courts was violated, he must

demonstrate that the suffered "actual injury" -- i.e. that the denial of access "hindered his efforts

to pursue a legal claim."  Lewis v. Casey, 518 U.S. 343, 351 (1996).  See also McDonald v.

Steward, 132 F.3d 225, 231 (5th Cir. 1998).  The actual-injury requirement applies even in cases

"involving substantial systematic deprivation of access to court," including the "total denial of

access to a library," or "an absolute deprivation of access to all legal materials." <u>Lewis</u>, 518 U.S. at 353 n. 4.

In the instant case, in order to satisfy the standing requirement of "actual injury," Plaintiff must show that the denial of information and /or court records hindered his efforts to prepare a defense for the charge in F05-53875-NK. <u>See</u> <u>Lewis</u>, 518 U.S. at 351. Although Plaintiffs make a general allegation that the Court Clerk's denial of access to records "kept in the dark" about the criminal proceedings in No. F05-53875-NK, he does not allege any actual injury as a result of that denial. (Amended Complaint at 4). Moreover, any injury claim is foreclosed by the fact that Plaintiff was represented by appointed counsel in Cause No. F05-53875-NK. (Amended Complaint at 3). Therefore, absent any cognizable injury or prejudice, Plaintiffs cannot raise a claim for denial of access to the courts.

<u>RECOMMENDATION</u>:

For the foregoing reasons, it is recommended that Plaintiff's claims against Dallas County Governmental Entities be dismissed as frivolous, but without prejudice to them being reasserted after the <u>Heck</u> conditions are met, <u>see</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), that Plaintiff's claims against the Dallas County District Attorney for enhancing the charge in Cause No. F05-53875-NK be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii), and that Plaintiff's claims against Dallas County Public Defender Julia Daucet, other than for the <u>Heck</u> barred conspiracy claim, be dismissed with prejudice as frivolous.

It is further recommended that Plaintiff's claims against Dr. Michael Pittman be

dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief, <u>see</u> 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii), and that Plaintiff's claims against the Dallas County Sheriff and the Dallas County District Court Clerk be dismissed with prejudice as frivolous, <u>see</u> 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 23rd day of January, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.